UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT SCOTT,

      Petitioner,

v.

KIM CARGOR,

      Respondent.

Case No. 25-12053
Honorable Laurie J. Michelson

---

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]**

---

Elbert Scott, currently incarcerated at G. Robert Cotton Correctional Facility in Jackson, Michigan challenges his 2003 Wayne County Circuit Court conviction for first-degree murder and felony-firearm possession. (ECF No. 1.) While Elbert believes a 2012 Supreme Court case, *LaFler v. Cooper*, 566 U.S. 156 (2012), requires his release, he raises this argument several years too late. For the reasons that follow, his petition, interpreted as one seeking a writ of habeas corpus, is summarily denied with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

## I. Background

In 2003, a Wayne County Circuit Court jury convicted Elbert Scott of first-degree homicide and related charges. (ECF No. 1, PageID.10.) Those convictions were affirmed on direct appeal over twenty years ago. *See People v. Scott*, No. 251512, 2005 WL 1398373 (Mich. Ct. App. June 14, 2005); *People v. Scott*, 474 Mich. 911 (Oct. 31, 2005).

On January 25, 2007, a few days before the applicable statute of limitations was set to expire, Scott filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Scott v. Lafler*, No. 07-10396, (E.D. Mich. Jan. 25, 2007), ECF No. 1. Shortly thereafter, Scott moved to amend his habeas petition to add a few additional claims and simultaneously requested a stay of his case so he could exhaust those claims in state court. *Scott*, No. 07-10396, ECF No. 4. The Court granted both requests. *Scott*, No. 07-10396, ECF No. 5.

Scott then returned to state court and filed a motion for relief from judgment (ECF No. 1, PageID.10) which was denied. On December 28, 2011, the Michigan Supreme Court denied Scott leave to appeal the lower courts' denials. *People v. Scott*, 490 Mich. 971 (2011). On February 27, 2012, Scott returned to this Court requesting a 30-day extension of time to file an amended habeas petition adding his now-exhausted claims. *Scott v. Lafler*, No. 07-10396, ECF No. 8. When, on July 20, 2012, the amended petition had still not been filed, the Court denied Scott's motion for an extension of time. *Scott v. Lafler*, No. 07-10396, ECF No. 9. Nothing further was filed in this first habeas case and the docket was administratively closed. *Id.* at PageID.39.

Sometime after 2019, Scott filed a second motion for relief from judgment in state court. (*See* ECF No. 1, PageID.11.) That motion asserted that Scott was denied the effective assistance of counsel for his trial attorney's failure to advise him about a plea offer made prior to trial. (*Id.* at PageID.1-2.) The trial court denied Scott's successive motion for relief from judgment on May 26, 2023. (*Id.* at PageID.22–26.) The Michigan Court of Appeals denied leave to appeal on March 29, 2024. (*Id.* at

PageID.28.) As did the Michigan Supreme Court on July 2, 2024, reasoning that Scott's successive post-conviction proceeding was prohibited by Michigan Court Rule 6.502(G). (*Id.* at PageID.30.)

About one year later, on July 8, 2025, Scott filed the current petition, styled as a petition for writ of *error coram nobis* under 28 U.S.C. § 1651(a). (ECF No. 1.) The petition raises the same claim Scott raised in his second state post-conviction review proceeding—that his trial counsel failed to advise him of a plea offer. (*Id.*)

Upon reviewing Scott's petition, styled as a petition for writ of *coram nobis* under 28 U.S.C. § 1651(a), the Court issued an order directing Scott to clarify if he intended the petition to be treated as a second or successive habeas petition under 28 U.S.C. § 2254 instead, noting that only federal convictions are subject to § 1651(a) writs. (ECF No. 3.) Scott responded that he would like the Court to treat his petition as a § 2554 habeas petition and asked the Court to refer the matter to the Sixth Circuit so he can seek authorization to file a second or successive petition. (ECF No. 4, PageID.64); *see also* 28 U.S.C. § 244(b)(3)(A).

## II. Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the "appropriate court of appeals"—here, the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); *see Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016). So before a district court can

address the merits of a second or successive petition, the Sixth Circuit must provide him authorization to bring the petition under pursuant to 28 U.S.C. § 244(b)(3)(A).

Before the Court can refer this case to the Sixth Circuit for such review, it must determine whether Scott's first habeas petition (Case No. 07-10396) counts as a "prior application" under § 2244(b)(2) such that the current petition may be treated as a "second or successive" petition. *United States v. Letner*, 05-068, 2016 U.S. Dist. LEXIS 83071 *7 (S.D. Ohio June 27, 2016) ("determination of whether a petition or motion is second or successive must be made in the first instance by the district court.") (citing *In re Smith*, 690 F.3d 809 (6th Cir. 2012)).

### A.

"The phrase 'second or successive' is a 'term of art, *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), that 'is not self-defining,' *Panetti v. Quarterman*, 551 U.S. 930, 9432007)." *In re Davis*, No. 22-5277, 2022 U.S. App. LEXIS 21249, *4 (6th Cir. Aug. 1, 2022). As such, not every "numerically second" petition is "second or successive" within the meaning of AEDPA. *Id.*

As a general rule, petitions that do not result in an adjudication of the petitioner's claims do not count as prior applications within the meaning of § 2244(b)(2). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998) (finding that petitioner's claim was not "second or successive" because the petitioner "did not receive an adjudication of his claim" in the first petition); *see also Slack*, 529 U.S. at 485–86 ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies

is not a second or successive petition.").

On the other hand, petitions that are dismissed because the claims are procedurally defaulted or barred by the statute of limitations *do* count as prior applications, even though the habeas court never reached the merits of the petitioner's claims. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (prior dismissal on procedural default grounds counts as "prior application under AEDPA; *see also Graham v. Costello*, 299 F.3d 129, 133 (2nd Cir. 2002) (reasoning that the "distinction between petitions that are denied 'on the merits' and those that are not does not depend on whether the federal court actually determined the merits of the underlying claims but rather on whether the prior denial of the petition conclusively determined that the claims presented could not establish a ground for federal habeas relief").

How these rules should apply to Scott's current petition merits discussion. His first habeas petition was never explicitly dismissed. *Scott v. Lafler*, No. 07-10396, ECF No. 9. The case was stayed and closed "for statistical purposes only." *Scott v. Lafler*, No. 07-10396, ECF No. 5, PageID.31. The Courts' order granting the stay specified that "[n]othing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter." (*Id.*) When more than six months after Scott's deadline to reopen the case passed, the Court denied Scott's motion for an extension of time to file the amended petition. (*Id.* at ECF No. 9.) But that is where the case ended. Scott never filed anything further, nor was an order of dismissal entered.

In these unique circumstances, it does not appear that the administrative

5

closure of Scott's first habeas petition conclusively determined that the claims presented could not establish a ground for federal habeas relief. *See, e.g., Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (holding that a motion to amend during the pendency of a habeas petition is not a "second or successive" application because "it is filed before the adjudication of the initial § 225[4] motion is complete— i.e., before the petitioner has lost on the merits and exhausted [his] appellate remedies.). Therefore, the Court finds that the first habeas petition does not count as a prior application. Thus, the present petition is not "second or successive" within the meaning of § 2244(b), and the Court has jurisdiction over it.

## III. Statute of Limitations

Having determined that it has jurisdiction, the Court turns to its obligation to promptly examine Scott's petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). This includes cases that were filed after the expiration of AEDPA's statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider sua sponte, the timeliness of a state prisoner's habeas petition.").

### A.

AEDPA imposes a one-year statute of limitations upon petitions for habeas

relief, which begins running "from the latest of" four dates; the most common being the day the petitioner's state court convictions became final. 28 U.S.C. § 2244(d)(1)(A). Other possible starting points involve the removal of a state impediment to filing the petition, petitions that are based on newly discovered evidence, and petitions that are based on newly available Supreme Court rules. §§ 2244(d)(1)(B)–(D).

"A habeas petition filed outside of the identified time periods generally must be dismissed." *Tomaszycki v. Miniard*, 22-11218, 2025 U.S. Dist. LEXIS 105196, *5 (E.D. Mich. June 3, 2025) (citing *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000)). So although AEDPA's one-year limitations period is not jurisdictional, it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *See also Cooey v. Strickland*, 479 F.3d 412, 415–16 (6th Cir. 2007); *See also Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at * 1–2 (6th Cir. Jan. 8, 2019) (denying petitioner's request for a certificate of appealability where the district court properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

Even under the latest possible starting point, Scott filed his petition long after the statute of limitations expired. Mere days remained on the limitations period when Scott filed his first petition on January 25, 2007. *Scott v. Lafler,* Case No. 07-10396, ECF No. 1. That is because when a habeas petitioner appeals to the Michigan Supreme Court but does not petition the United States Supreme Court for a writ of

certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). And that timeline is 90 days from entry of the state court judgment. *Banks v. Ferguson*, No. 22-00045, 2023 U.S. Dist. LEXIS 242349, at *4 (W.D. Ky. Apr. 25, 2023) ("Rule 13(1) of the Rules of the Supreme Court of the United States indicates that a petition for writ of certiorari to review a state court judgment 'is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.'"). That means' Scotts conviction was "final" on January 24, 2006, *Scott v. Lafler*, No. 07-10396. ECF No. 1, PageID.2, and thus his habeas petition was due one year later, on January 24, 2007.

The statute of limitations was tolled, however, while Scott pursued his motions for relief from judgment in state court. *Borns v. Chrisman*, 167 F.4th 335, 343 (6th Cir. 2026). But after the Michigan Supreme Court denied him leave to appeal the lower court denials of his first motion on December 28, 2011, *People v. Scott*, 490 Mich. 971 (2011), Scott did not file his second motion for leave until several years later, "sometime" after 2019. (ECF No. 1, PageID.1–2.) Meaning that for nearly eight years, there was no state collateral attack pending, his convictions were final, and his time to petition under AEDPA expired. And even after his second motion was made final on July 2, 2024 (ECF No. 1, PageID.30 (Michigan Supreme Court denying Scott leave to appeal appellate court's denial of his motion)), he delayed in filing this petition for nearly another year. (ECF No. 1, PageID.3 (Scott's petition dated June 30, 2025)).

Scott points to *Lafler v. Cooper*, 568 U.S. 156 (2012), as establishing a newly available constitutional rule to support his claim (ECF No. 1, PageID.1), but that case was decided seven years or more before he filed his second motion for relief from judgment.[1]

Accordingly, absent circumstances of which the Court is unaware, Scott's current petition, filed on July 8, 2025, was submitted well after the AEDPA statute of limitations expired.

**B.**

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). There are two recognized circumstances in which equitable tolling may apply: where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). But this doctrine is "used sparingly by federal courts," *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), and the petitioner bears the burden of showing entitlement to it. *Id.*

Scott makes no argument that equitable tolling is appropriate here; nor does he acknowledge the untimeliness of his petition. (ECF No. 1.) Indeed, the procedural history of the case suggests that Scott's pursuit of his rights has been protracted, rather than "diligent." So he has not met his burden to show that equitable tolling is

---

[1] In any event, *Lafler* did not create a new rule. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013).

appropriate here. *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007).

Nor does Scott argue that the statute of limitations should be equitably tolled based on his actual innocence. In fact, the current petition focuses almost exclusively on the argument that he was denied the opportunity to accept a favorable guilty plea. (ECF No. 1, PageID.5.) So this is not one of those rare "tenable actual-innocence gateway plea[] cases. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329).  *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

So Scott's untimeliness is not remedied by the doctrine of equitable tolling.

## IV.

For the foregoing reasons, the Court SUMMARILY DENIES WITH PREJUDICE Scott's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 (d)(1).

The Court will enter a separate order denying a certificate of appealability.

SO ORDERED.

Dated: April 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

10